IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SANDY ALSTON-HARIRCHIAN, | CIVIL NO. 14-00041 LEK-KSC |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS ACTION |
| vs. | |
| EMC MORTGAGE CORPORATION; LONG-BEACH MORTGAGE CORPORATION; WASHINGTON MUTUAL CORPORATION; JPMORGAN CHASE & COMPANY; DOES 1 THROUGH 100, INCLUSIVE, | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO DISMISS ACTION

On May 28, 2014, the Court issued an Order to Show Cause ("OSC") why the case should not be dismissed for failure to properly serve the Complaint. Doc. No. 18. At the June 26, 2014 OSC hearing, the Court granted Plaintiff a 45-day extension of time to serve the First Amended Complaint.

On May 15, 2015, Plaintiff failed to appear at a status conference. That same day, the Court issued an OSC why the case should not be dismissed for failure to appear at the status conference and failure to

prosecute. Doc. No. 35. The Court noted that although Plaintiff filed returns of service, it did not appear that she properly effected service. The Court cautioned Plaintiff that her failure to appear at the OSC hearing and/or failure to provide an adequate response to the OSC may result in the dismissal of this action. At the June 15, 2015 OSC hearing, the Court directed Plaintiff to properly serve Defendant EMC Mortgage Corporation's agent by June 29, 2015.

Rather than complying with the deadline, Plaintiff filed a document entitled "Proof of Correct Process Service as Requested". Plaintiff insists that she has properly effected service upon Routh Crabtree Olsen because it has been retained to handle legal matters for Defendants. To support her contention, Plaintiff submitted outdated business information for Defendant EMC Mortgage Corporation from the DCCA website. Accordingly, Plaintiff failed to comply with multiple orders directing her to properly serve Defendants.

Courts do not take failures to comply with Court orders or failures to prosecute lightly. Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes involuntary dismissals for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. See id. To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

The Local Rules also authorize the imposition of sanctions when a party fails to comply with any provision of the Local Rules. Local Rule 11.1 ("Failure of counsel or of a party to comply with any

provision of these rules is a ground for imposition of sanctions, including a fine, dismissal, or other appropriate sanction. Sanctions may be imposed by the court *sua sponte* consistent with applicable law."). Although the Court recognizes that Plaintiff is proceeding *pro se*, her *pro se* status does not excuse her compliance with all applicable rules. Local Rule 83.13 ("*Pro se* litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

Here, dismissal is appropriate given Plaintiff's failure to prosecute and failure to properly serve Defendants. The Court therefore finds, after considering the Pagtalunan factors, that dismissal is appropriate.

The public interest in expeditious resolution of this litigation and the Court's interest in managing the docket strongly weigh in favor of dismissal. Id. (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted). The Court, not Plaintiffs,

should control the pace of the docket. Yourish, 191 F.3d at 990; Pagtalunan, 291 F.3d at 642.

Moreover, Defendants will suffer prejudice if this case continues without the effectuation of service. Plaintiff's failures have impaired Defendants' ability to proceed to trial and threaten to interfere with the rightful decision of the case. Pagtalunan, 291 F.3d at 642.

Under the present circumstances, the Court believes that less drastic alternatives are not appropriate. The Court issued multiple orders to show cause and granted Plaintiff multiple extensions of time and opportunities to properly effect service. The Court believes that it would be futile to recommend a sanction other than dismissal because a lesser sanction would not successfully compel Plaintiff to prosecute this action. For these reasons, the Court is left with no choice but to dismiss.

The Court concedes that the public policy favoring disposition of cases on their merits weighs

against dismissal.  However, because four factors favor dismissal, this factor is outweighed.

In accordance with the foregoing, this Court RECOMMENDS that the case be dismissed for failure to serve, failure to prosecute, and failure to comply with Court orders.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, July 22, 2015.



_____
Kevin S.C. Chang
United States Magistrate Judge

ALSTON-HARIRCHIAN V. EMC MORTGAGE CORPORATION, ET AL.; CIVIL NO. 14-00041 LEK-KSC; FINDINGS AND RECOMMENDATION TO DISMISS ACTION